■ SILVERITE CONSTRUCTION COMPANY, INC., Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant.—In an action to recover damages for breach of a construction contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered March 16, 1990, which, upon a prior order of the same court, entered October 28, 1988, granting the plaintiff's motion for summary judgment as to liability, and after a nonjury trial as to damages, is in favor of the plaintiff and against the defendant in the principal sum of $1,780,883.37.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order entered October 28, 1988, is vacated, the plaintiff's motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

We agree with the appellant that the papers submitted by it were sufficient to demonstrate the existence of triable issues of fact, and that the Supreme Court therefore erred in granting the plaintiff's motion for summary judgment as to liability. The appellant claims, *inter alia,* that the discovery of barrels of potentially hazardous waste at the original work site rendered the contract between the parties objectively impossible to perform, particularly in light of the provisions of the contract relating to the time within which performance was required to be completed *(see generally, Kel-Kim Corp. v*

*Central Mkts.,* 70 NY2d 900; *City of New York v Local 333,* 79 AD2d 410, *affd* 55 NY2d 898). The viability of this defense depends on the resolution of issues of fact, such as whether the discovery of the toxic wastes "could not have been foreseen and guarded against in the contract" *(Kel-Kim Corp. v Central Mkts., supra,* at 902).

We also conclude that the Supreme Court erred in calculating the amount of damages to be awarded in the event of a breach. Under the facts of this case, particularly since the performance of a contract which was originally scheduled to take several months was suspended after only a few days, the Supreme Court erred in failing to consider the benefit to the plaintiff which resulted from its premature release from its obligations under the contract *(see, McMaster v State of New York,* 108 NY 542).

The judgment is therefore reversed, on the law, the order granting summary judgment is vacated, summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new trial as to liability and damages, after completion of outstanding pretrial discovery. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.